## BUNDY v. THE K. & D. M. R. Co.

1. **Mechanic's Lien : FILING OF SETTLEMENT.** The requirement of the statute that the written settlement with the sub-contractor shall be given to the owner and contractor by the laborer claiming a lien is sufficiently complied with by filing the settlement with the clerk within the thirty days allowed for filing the lien.

*Appeal from Lee Circuit Court.*

THURSDAY, OCTOBER 10.

PROCEEDING in chancery to foreclose a mechanic's lien. There was a decree for plaintiff. Defendant appeals.

*Gillmore & Anderson,* for appellant.

*Craig & Collier,* for appellee.

BECK, J.—I. Plaintiff was a laborer in the employment of Murry & Duffy, sub-contractors under Ford, who had a contract for grading with defendant, in the construction of a part of its road. Plaintiff performed the work in June, 1875, and on the 25th of that month had a settlement with his employers, the sub-contractors, who gave him a statement thereof in writing. On the 6th day of July, following, he filed papers for a lien against the road for the labor done by him. It appears that no copy of the written settlement with Murry & Duffy was given to the contractor Ford, or the defendant; it was filed with the papers in the clerk's office upon which the lien was claimed.

II. Defendant's counsel insist that plaintiff's lien is defeated by his failure to give the contractor and railroad company a copy of his settlement with the sub-contractor. This position presents the only question in the case. We must now inquire if it be correct.

1. MECHANIC'S lien: filing of settlement.

Chapter 49, § 1, Acts Fifteenth General Assembly, amendatory of Code, § 2131, is in this language:

"And every person or laborer furnishing material or performing labor, by virtue of a contract with any sub-contractor, wishing to avail himself of the benefit of this chapter, shall give notice to the owner and contractor, or their respective agents or trustees, before or at the time he furnishes any of the things aforesaid, or performs any labor, of his intention to furnish or perform the same, and the probable value there-of; and if afterward the things are furnished or labor done, the person so furnishing material or performing labor shall settle with the sub-contractor therefor, and the settlement in writing, signed by the·sub-contractor and certified by him to be just, shall be given to the owner and contractor, or their respective agents or trustees, within thirty days from the time the things shall have been furnished or labor performed.   Said person or laborer furnishing material or performing labor, as aforesaid, shall file with the clerk of the District Court of the county in which the building, erection or other improvement for which the things are furnished or the labor performed is situated, a copy of such statement, which shall be a lien on the building, erection, or other improvement for which the things are furnished or labor performed, and shall at the time file a correct description of the property to be charged with the lien, the correctness of all of which shall be verified by affidavit."

Under this statute the plaintiff, before taking other steps to perfect his lien, was required to settle with his employer and obtain a written statement thereof.  This, the statute provides, "shall be given to the owner and contractor."  When and how must it be given?  No time is prescribed.  We presume it should be given before or at the time the claim for the lien is filed with the clerk.  No question, however, arises upon this point.

How should the written statement of settlement be given to the contractor and owner?

The object of the requirement is intended for the protection of the contractor and owner, not the laborer or sub-con-

tractor. By the settlement the first named parties are advised of the condition of the accounts of the others. They will be protected thereby in making payments—the owner to the contractor and the contractor to the sub-contractor. When the claim for the lien is filed, which includes a copy of the statement, the owner and the contractor must take notice thereof. The settlement and filing of the claim for a lien may be on the same day, but not later than thirty days after the work was done. For these thirty days the contractor and owner are presumed to have notice, without the settlement having been given to them, or the claim for the lien having been filed.

It will be readily seen that the purpose of the law in requiring the laborer to give a copy of the settlement to the owner and contractor is to secure notice to them of the condition of the accounts of the sub-contractor and laborer. Now, if this notice is secured at as early a moment as the law requires, in order to bind the owner and contractor by filing the settlement with the clerk, it is plain that the settlement in writing need not be given to these parties in any other way. Suppose, then, at the close of the last day of the thirty in which the laborer may file his lien a settlement is had between him and the sub-contractor, and the claim for the lien is filed, what protection would the owner and contractor have from the acts of the laborer in giving them the written statement? We discover none. It will be remarked that this settlement is not in the nature of a notice that a lien will be, or is about to be, filed, nor does the statute require such a notice to accompany it. The statute does not require that it shall be given at any prescribed time prior to filing the lien. Its purpose is to protect the owner and contractor against the lien of the laborer. They, for thirty days, are presumed to have notice of his claim on the sub-contractor, and the statute gives him a lien for that time which is perfected by the papers afterwards filed. When these papers are filed they impart notice to the owner and contractor of the condition of the account between

the laborer and sub-contractor, as shown by the settlement between these parties.

We conclude that the written settlement, in contemplation of the statute, was given to the defendant when this claim for a lien was filed. To support the lien it was not necessary to show that the settlement was given to defendant in any other way.

The decree of the Circuit Court is

AFFIRMED.